IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Regina Williams,                        :

        Plaintiff              :       Civil Action 2:09-cv-00947

  v.                                    :       Judge Frost

The Americorps,                         :       Magistrate Judge Abel
Washington, D.C. 20525,
                                        :
        Defendant
                                        :

## Initial Screening Report and Recommendation

Plaintiff Regina Williams brings this action alleging jurisdiction under 28 U.S.C. § 13322(a)(1). Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to allege subject matter jurisdiction and fails to state a claim for relief. The Magistrate Judge recommends dismissal of the complaint.

The complaint makes the following allegations. During the period July 2000 to

July 2001 plaintiff Regina Williams was employed by Americorps and assigned to the Ohio Literacy Network and to the Columbus Literacy Initiative. There has been "non-payment of educational stipend" and "non-receipt of back payments." Williams suffered "verbal harassment." There were "[d]iscrepancies regarding the receipt of pay . . . ." Williams did not receive pay four times.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed. *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis</u>. For the most part, the complaint fails to allege that the sole defendant, The Americorps, did anything to cause plaintiff Williams injury. It does allege that there was "non-payment of educational stipend" and "non-receipt of back payments," that

2

Williams suffered "verbal harassment," and that there were "[d]iscrepancies regarding the receipt of pay . . . ." These allegation appear to be made against Americorps. However, the complaint fails to allege when these actions were taken, the identities of the employees or agents of Americorps who allegedly took the actions, or any other facts that would give the defendant fair notice of plaintiff's claims. To the extent that the complaint alleges that Americorps caused plaintiff injury, it fails to plead a statutory basis for pleading a claim based on that injury and a basis for this court to assert subject matter jurisdiction.

The United States cannot be sued without its consent. *United States v. Sherwood*, 312 U.S. 584 (1941). The complaint fails to identify a statute that would entitle plaintiff to relief or to allege a statute that would give the court subject matter jurisdiction over the claims she attempts to plead.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to allege subject matter jurisdiction and fails to state a claim against defendant. Defendant does not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within

ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel<br>
United States Magistrate Judge